## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**WILLIAM RAY NELSON,**

       **Plaintiff,**

vs.                                                                                     **Case No. 8:04-CV-154-T-27EAJ**

**LIBERTY LIFE ASSURANCE**
**COMPANY OF BOSTON,**

       **Defendant.**

_____/

## ORDER

**BEFORE THE COURT** are Defendant's Motion for Summary Judgment (Dkt. 26) and

Plaintiff's Response (Dkt. 31). Upon consideration, Defendant's Motion for Summary Judgment

(Dkt. 26) is GRANTED.

William Ray Nelson ("Plaintiff") brought this action against Liberty Life Assurance

Company of Boston ("Defendant") alleging that Defendant wrongfully denied his claim for Long

Term Disability ("LTD") benefits in violation of the Employee Retirement Income Security Act of

1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). (Dkt. 7, Am. Compl.). In its Motion, Defendant

asserts that it is entitled to summary judgment because: 1) Plaintiff voluntarily waived his right to

LTD benefits; 2) Plaintiff was not entitled to LTD benefits because he was not a participant in

Defendant's employee welfare benefit plan at the time of his claim; and, notwithstanding the above,

3) its decision to deny Plaintiff's claim was not wrong based on an ERISA claims analysis standard

of review. (Dkt. 26).

**Factual Background**

Plaintiff began his employment with Rinker Materials Corporation ("Rinker") as a mechanic in September, 1984. (Dkt. 7, ¶ 4). As part of his employment, Plaintiff was a participant in Rinker's employee welfare benefit plan ("Plan"), governed by the provisions of ERISA, that provided long term disability benefits. (Dkt. 7, ¶ 5). The Plan is funded through a policy issued by Defendant, and Defendant is the claims administrator. (Dkt. 26, Ex. A, Administrative Record ("A.R."), pp. 1-32).

On April 12, 2001, Nelson was involved in an industrial accident and injured his right upper extremity. (Dkt. 7, ¶ 6). He underwent two surgeries following the accident, and after each surgery, returned to work on restricted duty, including reduction in hours and pay, since he was unable to perform his normal work responsibilities. (Dkt. 31, pp. 2-3). Plaintiff continued to work for Rinker through October 16, 2002, at which time he was placed on temporary leave. (Dkt. 26, Ex. A., A.R., p. 189).

Plaintiff filed a worker's compensation claim and began receiving benefits in October, 2002. (Dkt. 26, Ex. A., A.R., p. 165 & 190). On October 21, 2002, Plaintiff participated in a mediation of his worker's compensation claim. (Dkt. 31, Ex. A). At the conclusion of the mediation, the parties, including Rinker and its worker's compensation insurer, agreed to a complete resolution of all future worker's compensation wage and medical benefits, with a settlement in the amount of $101,900.00. (Dkt. 31, Ex. A & B and Dkt. 26, Ex. A, A.R., p. 74). As part of the settlement, Rinker agreed to pay Plaintiff $100.00 for a "Voluntary resignation of employment, ADA waiver and global liability release." (Dkt. 31, Ex. A & B and Dkt. 26, Ex. A, A.R., p. 75). Plaintiff agreed to voluntarily resign from his employment with Rinker for medical reasons. (Dkt. 31, Ex. A).

On November 7, 2002, Plaintiff executed the worker's compensation settlement by signing a "General Release of all Claims and Voluntary Resignation" ("Release"). (Dkt. 31, Ex. B and Dkt.

26, Ex. A, A.R., p. 74-77). The Release provided, in pertinent part:

> "COVENANTS – In consideration of the payment to William Ray Nelson by the employer/carrier/servicing agent of the sum of $100.00, the sufficiency of which is hereby acknowledged, the undersigned William Ray Nelson, for himself, his heirs, executors, administrators, successors, and assigns does hereby remise, release, waive and forever discharge the *employer*/carrier/servicing agent, *its* affiliates, subsidiaries, parent company, *agents*, officers, employees, directors, members, *insurers*, predecessors, successors and assigns from any and all claims, demands, rights, debts, agreements and contracts, sums of money, and actions or causes of action, of whatever nature or type, whether legal or equitable, which he has or may have as of the date of this Release, including but not limited to ... *claims, actions or causes of action* arising out of or in any way connected with his employment with the employer/carrier/servicing agent, including, but not limited to ... *the Employee Retirement and Income Security Act of 1974 (ERISA) which includes, but is not limited to, Long Term Disability benefits and Retirement Plan benefits* ...." (Emphasis added.)

(Dkt. 31, Ex. B and Dkt. 26, Ex. A, A.R., p. 76). Plaintiff was represented at the mediation and during settlement negotiations by competent counsel, who also serves as Plaintiff's counsel in the present suit. (Dkt. 31, Ex. B and Dkt. 26, Ex. A, A.R., p. 74).

Notwithstanding the Release, Plaintiff made a claim for Long Term Disability ("LTD") benefits through the Plan with Defendant on March 31, 2003.[1] (Dkt. 26, Ex. A, A.R., p. 42). After investigation, on June 27, 2003, Defendant denied Plaintiff's claim based on Plaintiff's execution of the Release, which expressly waived claims arising out of or any entitlement to LTD benefits under the Plan. (Dkt. 26, Ex. A, A.R., pp. 63-66). Thereafter, Plaintiff's counsel requested an administrative review of the denial of benefits. (Dkt. 26, Ex. A, A.R., p. 59). On August 7, 2003, Defendant upheld the denial. (Dkt. 26, Ex. A, A.R., p. 46). Plaintiff subsequently filed this action.

---

[1] The parties dispute whether Plaintiff was still an employee of Rinker at the time he made his claim for LTD benefits. This Court must view all evidence and factual inferences reasonably drawn from the evidence in the light most favorable to Plaintiff. *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1285 (11th Cir.1997). For purposes of Defendant's Motion, this Court will assume Plaintiff was still employed at the time the claim was made. Nevertheless, as discussed below, this fact is irrelevant to the consideration of the denial of LTD benefits.

**Applicable Standards**

**I.     Summary Judgment**

Summary judgment is proper if following discovery, the pleadings, depositions, answers to interrogatories, affidavits and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); Fed. R. Civ. P. 56. The Court must view all evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970); *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1285 (11th Cir.1997). Judgment in favor of a party is proper where there is no legally sufficient evidentiary basis for a reasonable jury to find for the nonmoving party on the issue before the Court. Fed. R. Civ. P. 56.

**II.    ERISA Claims Analysis**

ERISA does not provide a standard to review decisions of a plan administrator or fiduciary for actions challenging benefit determinations under § 1132(a)(1)(B). *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 108-09 (1989); *Paramore v. Delta Air Lines,* 129 F.3d 1446, 1449 (11th Cir. 1997). The Supreme Court has established that "a denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Bruch*, 489 U.S. at 115.

Consistent with the Court's directive in *Bruch*, the Eleventh Circuit has adopted three standards of review for plan administrator's claims decisions under ERISA: (1) *de novo*, applicable where the plan administrator is not afforded discretion; (2) arbitrary and capricious, when the plan grants the administrator discretion; and (3) heightened arbitrary and capricious, when there is a

conflict of interest because the same company both funds the plan and administers claims. *Buckley v. Metropolitan Life*, 115 F.3d 936, 939 (11th Cir. 1997) (*citations omitted*).

Here, the Plan vests discretion in Defendant as the administrator to determine eligibility and interpret the terms and provisions of the Plan.[2] (Dkt. 26, Ex. A, A.R., p. 26).  In addition, the Plan administrator acts as the insurer of the Plan, indicating a conflict of interest.  (Dkt. 26, p. 13).  Accordingly, the heightened arbitrary and capricious standard applies.[3]  However, under both the arbitrary and capricious and heightened arbitrary and capricious standards, "it is fundamental that the fiduciary's interpretation first must be 'wrong' from the perspective of *de novo* review before a reviewing court is concerned with the self-interest of the fiduciary." *Brown v. Blue Cross & Blue Shield of Ala., Inc.*, 898 F.2d 1556, 1566 n.12 (11th Cir. 1990).  A decision is wrong if, after reviewing the plan documents and disputed terms *de novo*, the court disagrees with the administrator's plan interpretation.  *HCA Health Servs. of Ga., Inc. v. Employers Health Ins. Co.*, 240 F.3d 982 (11th Cir. 2001)*; Williams v. Bellsouth Telecomm., Inc.,* 373 F.3d at 1137-38.  If this Court does not disagree with the administrator, the inquiry ends.  *Id.*

## Discussion

In its Motion, Defendant contends that its decision to deny Plaintiff's LTD benefits was a correct determination under the terms of the policy based on Plaintiff's execution of the Release associated with his worker's compensation claim.  Specifically, Defendant asserts that Plaintiff

---

[2] The policy provides:  "Interpretation of the Policy: Liberty shall possess the authority, in its sole discretion, to construe the terms of this policy and to determine eligibility hereunder.  Liberty's decisions regarding construction of the terms of the policy and benefit eligibility shall be conclusive and binding." (Dkt. 26, Ex. A, A.R., p. 26).

[3] Plaintiff asserts that the heightened arbitrary and capricious standard of review applies to this case.  Although Defendant argues in its Motion for Summary Judgment that the arbitrary and capricious standard applies, Defendant previously admitted to this Court that the heightened arbitrary and capricious standard is applicable.  (Dkt. 16).

waived his right to "Long Term Disability benefits and Retirement Plan benefits" through his employer by executing the Release. (Dkt. 31, Ex. B and Dkt. 26, Ex. A, A.R., p. 76). In opposition, Plaintiff argues that he did not waive his rights to LTD benefits since Defendant was not a party to the Release and the Release did not pertain to LTD benefits insured by Defendant.[4]

An employee may validly waive rights or benefits under ERISA so long as the waiver is made "knowingly and voluntarily." *Laniok v. Advisory Comm. of the Brainerd Mfg. Co. Pension Plan*, 935 F.2d 1360, 1364-65 (2d Cir. 1991). Waivers of ERISA rights are to be carefully reviewed to ensure that the waiver reflects the "purposeful relinquishment of an employee's rights." *Smart v. Gillette Co. Long-Term Disability Plan*, 70 F.3d 173, 181 (1st Cir. 1995). The "totality of the circumstances" are considered determining whether a waiver was made knowingly and voluntarily. Six factors are considered in the analysis: "1) the plaintiff's education and business experience, 2) the amount of time the plaintiff had possession of or access to the agreement before signing it, 3) the role of plaintiff in deciding the terms of the agreement, 4) the clarity of the agreement, 5) whether the plaintiff was represented by or consulted with an attorney, [as well as whether an employer encouraged the employee to consult an attorney and whether the employee had a fair

---

[4] In his opposition to Defendant's Motion for Summary Judgment, Plaintiff argues that the Release does not waive Plaintiff's rights to LTD benefits because "[Defendant] was not aware of [Plaintiff's] workers' compensation settlement, and was not aware of the 'Release,' until after [Plaintiff] filed his claim for LTD benefits." Whether Liberty was aware of the worker's compensation settlement or the existence of the Release at the time it was executed is irrelevant to the validity or enforceability of Plaintiff's waiver. Moreover, Plaintiff's argument that he did not waive his LTD benefits because Defendant is not an "agent" or "insurer" of Rinker, a party to the Release, is without merit.

Plaintiff also alleges that there were no references or discussions regarding short term or long term disability benefits at the mediation. However, even apart from matters discussed at the mediation, Plaintiff is presumed to understand the terms of his contract. *Providence Bank v. Billings*, 29 U.S. 514, 524 (1830) ("The law presumes that a party understands the legal effect of a contract, and that he intends its legal effect."); *St. Petersburg Bank & Trust Co. v. Boutin*, 445 F.2d 1028, 1032 (5th Cir. 1971).

6

opportunity to do so] and 6) whether the consideration given in exchange for the waiver exceeds employee benefits to which the employee was already entitled by contract or law." *Laniok*, 935 F.2d at 1368; *Finz v. Schlesinger*, 957 F.2d 78, 82 (2d Cir. 1992). "Generally, no single fact or circumstance is entitled to talismanic significance on the question of waiver." *Smart*, 70 F.3d at 181.

The Release executed by Plaintiff is specific as to ERISA and long term benefits claims. Plaintiff released his employer, its agents and insurers, which includes Defendant, from all claims pursuant to ERISA and waived his right to "Long Term Disability benefits and Retirement Plan benefits." (Dkt. 31, Ex. B and Dkt. 26, Ex. A, A.R., p. 76). The waiver language is plain and unambiguous. The consideration given for the waiver appears sufficient from the face of the Release. In executing the Release, Plaintiff was represented by competent counsel, who is presumed to have understood and explained the meaning and significance of the Release and waiver to his client.[5]

Plaintiff's education level and business experience is unclear from the record. It is also unclear from the record what role Plaintiff played in deciding the terms of the Release or how long Plaintiff had possession of or access to the Release before he signed it. However, these uncertainties will not defeat the validity of the Release. There is no evidence that Plaintiff was coerced into execution of the Release or that he was unaware of what he was agreeing to. The plain language of the Release and the fact that Plaintiff was represented by counsel are sufficient to establish that the waiver of disability benefits was made knowingly and voluntarily. On this record, the totality of the

---

[5] Plaintiff's counsel's role as Plaintiff's attorney in both the worker's compensation case and in the present case is particularly significant. Plaintiff's counsel should have been aware when the Release was negotiated and executed what impact the terms would or could have on his client. Accordingly, Plaintiff's counsel's arguments are somewhat disingenuous.

circumstances confirms that Plaintiff's waiver of LTD benefits was a knowing, voluntary, and purposeful relinquishment of his rights.

Plaintiff executed a valid and enforceable waiver of his right to LTD benefits from Defendant. After a *de novo* review of the claims file, this Court cannot conclude that Defendant's decision to deny Plaintiff's claim for LTD benefits was wrong. As a result, Defendant's denial of benefits is affirmed.[6]

Accordingly, it is

**ORDERED AND ADJUDGED** that Defendant's Motion for Summary Judgment (Dkt. 26) is **GRANTED**. All pending motions are denied as moot. The clerk is directed to close this case.

**DONE AND ORDERED** in chambers this <u>19th</u> day of April, 2005.

/s/James D. Whittemore
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:
Counsel of Record

---

[6] Based on the validity of the waiver, it is unnecessary to consider Defendant's argument that Plaintiff was not entitled to LTD benefits because he was not a participant in the Plan at the time of his claim. It is also unnecessary to consider whether the Worker's Compensation judge approved the totality of the settlement.