UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM RAY NELSON,

    Plaintiff,

vs.                                                     Case No. 8:04-CV-154-T-27EAJ

LIBERTY LIFE ASSURANCE
COMPANY OF BOSTON,

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** are Defendant's Motion for Award of Attorney's Fees and Costs (Dkt. 38), Defendant's Affidavit of Attorney for Attorney's Fees and Costs (Dkt. 40), Plaintiff's Response to Defendant's Motion for Award of Attorney's Fees and Costs (Dkt. 42), and Plaintiff's Motion to Strike False Comments (Dkt. 41). Upon consideration, Defendant's Motion for Award of Attorney's Fees and Costs (Dkt. 38) is GRANTED in part as set forth below and Plaintiff's Motion to Strike False Comments (Dkt. 41) is DENIED.

Plaintiff brought this action against Defendant alleging that Defendant wrongfully denied his claim for Long Term Disability ("LTD") benefits in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). (Dkt. 7). On April 20, 2005, this Court granted Defendant's Motion for Summary Judgment on grounds that Plaintiff waived his right to LTD benefits. (Dkt. 37) Defendant, as the prevailing party, now moves for attorney's fees and costs. (Dkt. 38).

1

### Defendant's Motion for Award of Attorney's Fees and Costs

29 U.S.C. § 1132(g)(1) provides that "[i]n any action under this subchapter ... by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." Attorney's fees and costs may be awarded to the prevailing party within the court's discretion. *Freeman v. Continental Ins. Co.*, 996 F.2d 1116, 1119 (11th Cir. 1993).

In an ERISA action, five factors are considered in determining entitlement to attorney's fees and costs pursuant to § 1132(g)(1): "(1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of attorney's fees; (3) whether an award of attorney's fees against the opposing parties would deter other persons acting under similar circumstances; (4) whether the parties requesting attorney's fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions." *Freeman*, 996 F.2d at 1119. "No one of these factors is necessarily decisive, and some may not be apropos in a given case, but together they are the nuclei of concerns that a court should address.... In particular types of cases, or in any individual case, however, other considerations may be relevant as well." *Id.* (*quoting Plumbers & Steamfitters Local No. 150 Pension Fund v. Vertex Constr. Co.*, 932 F.2d 1443, 1452 (11th Cir. 1991) (*citations and quotations omitted*)).

In granting summary judgment for Defendant, this Court concluded that Plaintiff, with the assistance of his present counsel, executed a valid, knowing, voluntary, purposeful and enforceable waiver of his right to LTD benefits from Defendant. Because Plaintiff executed this waiver, and is presumed to have understood its consequences, prior to the initiation of this action, the relative

merits of the parties' positions weighs heavily in favor of an award of attorney's fees and costs for Defendant. In addition, an award of attorney's fees and costs for Defendant would likely serve as a deterrent in similar cases where a valid and enforceable waiver of ERISA rights has been executed.

Based on the Affidavit for Attorney's Fees, Defendant's counsel is entitled to recover for 100.8 hours of attorney time at a rate of $150.00 per hour and 0.2 hours of paralegal time at a rate of $75.00 per hour, for a total of $15,135.00 in attorney's fees. This amount is reasonable based on Defendant's counsel's experience and the work performed. Defendant is also entitled to recover costs in the amount of $68.98 for exemplification and copy charges pursuant to 28 U.S.C. § 1920(4). Defendant's request for recovery of court appointed mediator fees pursuant to 28 U.S.C. § 1828 is denied.[1] *See Parkes v. Hall*, 906 F.2d 658, 660 (11th Cir. 1990) *(citing Tiedel v. Northwestern Mich. Coll.*, 865 F.2d 88 (6th Cir. 1988)). Accordingly, Defendant is entitled to recover $15,203.98 from Plaintiff in attorney's fees and costs.

### Plaintiff's Motion to Strike False Comments

Plaintiff has not provided a sufficient basis for striking portions of Defendant's Motion for Award of Attorney's Fees. Motions to strike on grounds that the relevant pleading is immaterial, impertinent or scandalous are not favored. *See* 2A Moore, Federal Practice, ¶12.21[2], n. 27 *(and cases cited)*. A pleading or part thereof will only be stricken on this basis when it has no possible relation to or bearing on the subject matter of the suit and when it may cause prejudice to one of the parties. *Augustus v. Bd. of Pub. Instruction*, 306 F.2d 862, 868-69 (5th Cir. 1962); *Cherry v. Crow*, 845 F. Supp. 1520, 1524 (M.D. Fla. 1994). Plaintiff has not shown that the complained of portions

---

[1] This Court determines that mediation fees should not be taxed, as mediation is ordered by the Court, is not part of the adversarial process and neither party should be rewarded or penalized for participating in a Court ordered alternative dispute resolution process.

of Defendant's Motion have no relation to or bearing on this action and has not shown any prejudice as a result. The statements were considered to be argument and have not persuaded the Court one way or the other in determining Defendant's entitlement to attorney's fees and costs. Therefore, Plaintiff's Motion to Strike is denied.

Accordingly, it is

**ORDERED AND ADJUDGED** that

1)   Defendant's Motion for Award of Attorney's Fees and Costs (Dkt. 38) is **GRANTED IN PART**.

2)   Defendant is awarded attorney's fees and costs in the amount of $15,203.98 from Plaintiff.

3)   Plaintiff's Motion to Strike False Comments (Dkt. 41) is **DENIED**.

4)   All pending motions are denied as moot.

5)   The clerk is directed to close this case.

**DONE AND ORDERED** in chambers this 16th day of May, 2005.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record